In re the MARRIAGE OF Alvin BEHN and Barbara Behn.

Upon the Petition of Alvin Behn, Petitioner–Appellee,

And Concerning Barbara Behn, Respondent–Appellant.

No. 86–1369.

Court of Appeals of Iowa.

Sept. 30, 1987.

Richard R. Phillips, Decorah, for respondent-appellant.

Richard D. Zahasky, Decorah, for petitioner-appellee.

Heard by OXBERGER, C.J., and SNELL and SACKETT, JJ.

SACKETT, Judge.

In this case we must determine whether the trial court was correct in transferring

physical care of three minor children from appellant-mother Barbara Behn to appellee-father Alvin Behn. We determine the trial court was not correct and modify its order to leave physical care with Barbara.

The parties' marriage was dissolved in 1985. The parties had three children: Lori, born in 1976; Jennifer, born in 1980; and Malinda, born in 1982. The decree granted Barbara and Alvin joint custody of their children. Physical care of the children was placed with Barbara. The decree provided the children were to be with Barbara during the school year and with Alvin during the summer months. At the time the decree was entered Barbara lived with the children in the State of Washington. Today she lives with her new husband, a First Sergeant in the United States Army, in Fort Leonard Wood, Missouri. Alvin has not remarried and continues to live in the former family home in Winneshiek County.

The children spent the summer of 1986 with Alvin. Lori expressed a strong desire to remain with her father. Lori, with a babysitter's help, sought the advice of an attorney. Subsequently Alvin filed a petition for modification asking that physical care of the children be given to him. After a hearing the trial court determined physical care should be transferred to Alvin. This appeal followed.

■ Our review is de novo. Iowa R.App.P. 4

Alvin was made a joint custodian in the dissolution decree. He consequently is benefited in seeking physical care by the inference he has met the joint custody tests set forth in *In re Marriage of Burham*, 283 N.W.2d 269, 274 (Iowa 1979). *See In re Marriage of Leyda*, 355 N.W.2d 862, 864 (Iowa 1984). However, in seeking a change in physical care he carries a burden similar to that imposed on a parent seeking a change of custody. *Id.* Alvin has the burden to establish by a preponderance of evidence that conditions since the dissolution decree was entered have so materially and substantially changed that the children's best interests make it expedient to transfer their physical custody to him. *Id.* at 865; *In re Marriage of Frederici*, 338

N.W.2d 156, 158 (Iowa 1983). Both parties are loving and capable parents and are concerned with their children's upbringing. The children will be well cared for in either home.

The trial court's findings indicate two factors were considered in ordering the modification. The first was the fact that Barbara's geographic location has changed since the decree was entered and because of her new husband's employment with the army further moves are likely. Second was the determination Lori is very firm in her position she wished to remain with her father. The trial court found Lori is mature beyond her years and states good reasons in support of her position.

■ We address the trial court's findings. Where there is good reason for moving children in our highly mobile society a change in the custodial parent's geographic location is not justification in itself for change of custody. *In re Marriage of Weidner*, 338 N.W.2d 351, 360–61 (Iowa 1983); *Frederici*, 338 N.W.2d at 159; *In re Marriage of Jerome*, 378 N.W.2d 302, 305 (Iowa App.1985). While stability is important in a child's life, stability can be nurtured as much by leaving children with the same custodial parent as leaving them in the same neighborhood. *Jerome*, 378 N.W. 2d at 306. Barbara's husband has secure employment with the United States Army. He is subject to transfers in location. We do not find Barbara's moves with her husband justify a change of physical care. *See Frederici*, 338 N.W.2d at 159.

■ We address the second reason cited by the trial court: The adamant desire of a ten-and-one-half-year-old girl, whom the trial court determined to be mature beyond her years, to live with her father. Deciding custody is far more complicated than asking children with which parent they want to live. *In re Marriage of Ellerbroek*, 377 N.W.2d 257, 258 (Iowa App. 1985). Iowa Code section 598.41(3)(f) provides:

In considering what custody arrangement ... is in the best interest of the

minor child, the court shall consider the following factors:

\* \* \* \* \* \*

f. Whether the custody arrangement is in accord with the child's wishes or whether the child has strong opposition, taking into consideration the child's age and maturity.

 In determining the weight to be given Lori's testimony we consider among other things the following factors.

1. Lori's age and educational level.

2. The strength of Lori's preference.

3. Lori's relationship with family members.

4. The reasons she gives for her decision.

*See Ellerbroek*, 377 N.W.2d at 258–59. We recognize too, although Lori's testimony may give us some insight, we are not truly knowledgeable about what goes on behind closed doors in these family homes. Lori is privy to these interactions and they have influenced her decision. *Id.* at 259. Lori's preference is entitled to less weight in this modification action than it would be given in the original custody proceedings. *Smith v. Smith*, 257 Iowa 584, 591, 133 N.W.2d 677, 681 (1965). We determine Alvin has failed to meet the burden necessary to modify the dissolution decree.

We modify the decree to return physical care to Barbara and provide for visitation as per the original decree. We reinstate Alvin's obligation to pay child support as of the date of the filing of this opinion.

Costs are taxed to Alvin. We do not award attorney fees to either party.

AFFIRMED AS MODIFIED.