**In re the MARRIAGE OF Deborah Ann HUNT and Clifford George Hunt.**

**Upon the Petition of Deborah Ann Hunt, n/k/a Deborah Ann Lash, Appellee,**

**And Concerning Clifford George Hunt, Appellant.**

No. 90–1825.

Court of Appeals of Iowa.

Aug. 27, 1991.

Craig Ament of Olsen, Parsons & Ament, Cedar Falls, for appellant.

Bruce B. Zager, Waterloo, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Deborah and Clifford Hunt were married on June 28, 1980. One child was born of the marriage, a daughter, Wendi, born in April 1981. Each party also has a child from a previous marriage.

The marriage was dissolved in 1989. The decree incorporated a stipulation entered into by the parties concerning the custody of Wendi. The stipulation placed Wendi in the parties' joint custody and in Deborah's primary physical care. Clifford was granted liberal visitation rights.

Clifford petitioned the district court to modify these custody provisions and transfer Wendi's physical placement to him. He argued a material and substantial change in the circumstances surrounding Wendi's custody has occurred since the decree was entered. He asserted that: (1) Deborah has moved to the Muscatine area, approximately 130 miles from the Waterloo–Cedar Falls area; and (2) Wendi now expresses her desire to live with him.

Concerning his first contention, the original stipulation provided that a move by either party outside a thirty-mile radius of the Waterloo–Cedar Falls area would constitute "a material and substantial change of circumstances" for the purpose of modification of the decree's custody provisions. Deborah has in fact moved. In support of his second contention, Wendi testified at trial that she wanted to live with her father.

The district court declined to transfer Wendi to Clifford's physical care. The court held that the stipulation did not compel such a transfer. Rather, the court stated "any judicial determination as to change of physical placement must rest on the general provisions of law with respect to this vitally important matter." The court found that, alone, Deborah's remarriage and move to the Muscatine area did not require any change in Wendi's physical placement. The court also found that the nine-year-old child's stated preference to live with Clifford probably arose from manipulation and selfish pressure by Clifford. The court commented that such manipulation by Clifford would be consistent with his demonstrated pattern of attempting to dominate and control every family situation. Finally, the court noted that a transfer of Wendi's physical care would separate her from her half-sister, Deborah's older daughter, with whom Wendi has a very close sibling relationship. The court therefore concluded that Clifford had not proven he could minister more effectively than Deborah to Wendi's needs.

While declining to modify custody or physical placement, the district court did modify the visitation provisions of the 1989 dissolution decree. The court reduced Clifford's weekend visitation from two or three weekends per month to one weekend per month and reduced his summer visitation from eight weeks to approximately one month. In so doing, the district court considered the greater distance between the parties' homes and Wendi's increasing in-

volvement with school and friendship activities in her mother's community.

The district court also directed Clifford to contribute $2,000 toward Deborah's trial attorney fees and to pay the district court costs.

Clifford now appeals from the district court's modification order. He contends the district court should have transferred the child to his primary physical care. In the alternative, he contends the district court erred by reducing his visitation. Finally, he challenges the award to Deborah of trial attorney fees and court costs. Both parties request attorney fees on appeal.

A matter concerning appendix designation has also been ordered submitted with the appeal. We are to determine whether either party has designated unnecessary parts of the record to be included in the appendix, and, if so, whether certain costs should be taxed to the offending party regardless of the outcome of the appeal.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

> Our courts have repeatedly recognized that while in cases of equity the reviewing court is not bound by the fact findings of the trial court, factual disputes which depend heavily on the credibility of witnesses are best resolved by the trial court which has a better opportunity to evaluate credibility than we do.

*Maisel v. Gelhaus*, 416 N.W.2d 81, 86 (Iowa App.1987). We affirm the district court's judgment.

I. **Custody.** Clifford argues the district court's placement of the minor child with Deborah is not in Wendi's long-term best interest.

Our paramount consideration in deciding custody issues is the best interests of the child. *In re Marriage of Weidner*, 338 N.W.2d 351, 359 (Iowa 1983). We are guided by the principle that the question of custody should be settled once and thereafter little disturbed. *Id.* at 360.

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (citing *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980)).

Clifford first argues that Wendi has expressed her desire to live with him. He points to Wendi's brief testimony in chambers, where only Wendi, her attorney, and the judge were present. Her testimony indicates she would rather live with her father.

 When a child is of sufficient age, intelligence, and discretion to exercise an enlightened judgment, his or her wishes, though not controlling may be considered by the court, with other relevant factors, in determining child custody rights. *In re Marriage of Bowen*, 219 N.W.2d 683, 689 (Iowa 1974). However, a child's preference is entitled to less weight in a modification action than would be given in an original custody proceeding. *In re Marriage of Behn*, 416 N.W.2d 100, 102 (Iowa App. 1987). Furthermore, the analysis involved in deciding custody is "far more complicated than asking children with which parent

they want to live." *Id.* at 101; *see also In re Marriage of Ellerbroek,* 377 N.W.2d 257, 258 (Iowa App.1985).

■ The weight of Wendi's testimony is further diminished in light of the district court's finding that it lacked credibility. The court stated

> Based upon the testimony of all of the witnesses ... it appears to the Court that this nine-year-old girl has been manipulated by and dominated by [Clifford] in this regard with a combination of blandishments of special treats, activities, et cetera, and apparently some indication that her father would be deeply hurt if she were not with him.

Clifford next argues that he is a better parent than Deborah. A number of witnesses testified on Clifford's behalf. The district court found that the witnesses' testimony on behalf of the respective parties was often in direct conflict on factual matters. Indeed, most of the testimony elicited on this issue was irrelevant to the question presented. In this modification action, Clifford was charged with the burden of proving the circumstances have changed *since* the decree was entered. *In re Marriage of Frederici,* 338 N.W.2d at 158. Much of the testimony pertained to matters occurring before the original decree was entered. Ruling was reserved on all issues and no objection was made by counsel with respect to the relevance of this testimony.

The district court found that Deborah has provided excellent care for Wendi since the entry of the decree. No credible evidence was presented at trial to show that Deborah was not doing all things proper and necessary for Wendi's well-being. The district court further found that Deborah maintains "an adequate three bedroom home in a quiet community with appropriate schools, recreational facilities, et cetera, available to Wendi and her half sister."

The district court also found that Tamara, Deborah's daughter from her previous marriage, resides with Deborah and Wendi, and that the two girls share a close sibling relationship. Changes in custody which separate siblings are discouraged under Iowa law. *In re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981). While circumstances may arise which demonstrate that separation may better promote the long-term best interests of the child, Clifford has not shown the existence of such circumstances. He has failed to show sufficient reason to justify such a separation.

It is clear from the record that Clifford's financial and marital future is still somewhat uncertain. His desire to dominate and control the family has continued to manifest itself in behavior that is contrary to the best interests of Wendi. His work schedule could pose problems concerning the proper supervision of Wendi. Additionally, his present home lacks sufficient space for Wendi to have her own room.

On the record as a whole it is clear that Clifford has failed to meet his burden of proof. Clifford has failed to prove by a preponderance of the evidence that he has a superior claim to physical placement based on an ability to minister to Wendi's needs more effectively than can Deborah. The overwhelming evidence is that the long-term best interests of Wendi are served by her physical placement with Deborah.

■ II. Visitation. Clifford next asserts the district court's modification of his visitation rights is not in Wendi's long-term best interest.

Modification of a dissolution decree is only allowed when there has been a material and substantial change in circumstances since the original decree. *Mears v. Mears,* 213 N.W.2d 511, 514–15 (Iowa 1973). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern,* 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

> A number of principles emerge from our cases: (1) there must be a substan-

tial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been in the contemplation of the trial court when the original decree was entered.

*Vetternack,* 334 N.W.2d at 762.

In determining visitation rights, the governing consideration is the best interest of the child. *Petition of Deierling,* 421 N.W.2d 168, 171 (Iowa App.1988). Liberal visitation rights are in the best interest of the child. *In re Marriage of Kerber,* 433 N.W.2d 53, 54 (Iowa App.1988); *In re Marriage of Muell,* 408 N.W.2d 774, 777 (Iowa App.1987). Iowa Code section 598.41(1) (1989) provides in pertinent part:

> The court, insofar as is reasonable and in the best interest of the child, shall order the custody award, including liberal visitation rights where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents....

The district court found, as Clifford urged, that Deborah's relocation was a material and substantial change in circumstances. While declining to modify the physical placement provisions of the 1989 dissolution decree, the district court did modify the decree's visitation provisions. The court reduced Clifford's weekend visitation from two or three weekends per month to one weekend per month and reduced his summer visitation from eight weeks to approximately one month.

Clifford first argues that neither he nor Deborah requested such a restriction on visitation. The district court, looking to serve Wendi's best interests, limited Clifford's visitation to a degree beyond that requested by Deborah. Deborah testified that she wanted the court to further restrict the dissolution decree's visitation provisions. She requested the summer visitation be limited to six weeks. However, the court need not choose between the terms proposed by the parties. The court's judgment must be based on what it finds to be in the best interest of the child rather than the interests of the parties.

Clifford next argues that the district court's order is not in accord with the language of Iowa Code section 598.41(1) emphasizing maximum physical and emotional contact between each parent and child. The district court found the visitation provisions of the decree to be inappropriate primarily in light of Wendi's age and the distance between the households.

The court considered the fact that Wendi is now approaching the middle school years and will presumably be increasingly involved with school and friendship related activities. The court also considered the increased travel time necessary for trips between the parties' homes.

We find the visitation provisions of the district court's modification order to be reasonable, equitable and in Wendi's best interest.

III. Attorney Fees. Clifford challenges the district court's award to Deborah of attorney fees and court costs.

Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App.1982). We find no abuse of discretion.

■ Additionally, both parties request attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa

App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Clifford is ordered to pay $1,000 to be applied toward Deborah's appellate attorney fees.

IV. Appendix Designation. Finally, a matter concerning appendix designation has been submitted with this appeal. This issue does not affect the merits of the appeal, but is nonetheless important. The appendix submitted in this appeal contains superfluous, irrelevant material.

Iowa Rule of Appellate Procedure 15(a) provides that the appendix is to contain only relevant portions of the record. The appendix in this case includes almost the entire transcript from both the modification hearing and the hearing on the 179(b) motion. A copy of the transcript is made available for the court's use. It is therefore unnecessary to reproduce the entire transcript in the appendix.

It is clear that the appellant relied heavily on the witnesses' testimony. In his brief, the appellant cites to the transcript more than three-hundred times. Many of the citations included numerous page references. However, counsel should use proper care in eliminating unnecessary portions of the transcript from the appendix.

"Failure to limit the appendix to relevant portions of the record results in two problems. One is unwarranted printing expense and the other is an unwarranted reading burden on the members of the appellate courts." *State v. Oppelt*, 329 N.W.2d 17, 21 (Iowa 1983).

Clifford is ordered to pay the costs of this appeal.

For all the reasons stated, the judgment is affirmed.

AFFIRMED.