**In re the MARRIAGE OF Steven D. LUX and Pamela M. Lux.**

**Upon the Petition of Steven D. Lux, Appellant,**

**And Concerning Pamela M. Lux, Appellee.**

No. 91–630.

Court of Appeals of Iowa.

June 25, 1992.

Dennis Cmelik, Hartley, for appellant.

Keith G. Thompson of Wolff, Whorley, DeHoogh & Thompson, Sheldon, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Steven and Pamela Lux were married in 1975. They have two children, Mathias Timothy Lux, born on February 4, 1977, and Adam Dale Lux, born on January 25, 1979. They lived in a rural area near Hartley, Iowa, during the marriage.

The parties were engaged in farming until 1985. In that year they became the managers of the lounge, pro shop, and restaurant at the Sanborn Golf and Country Club. For about three years they also managed a similar operation in Primghar.

They separated in February 1990. Pamela became the sole manager at Sanborn. The Primghar operation was relinquished. Steven became the manager of the lounge, pro shop, and restaurant at the Meadowbrook Golf and Country Club in Hartley.

Steven was thirty-six years old at the time of the dissolution trial. His gross income at Meadowbrook for the last nine months of 1990 was $7,873, or $875 per month. Steven also had two part-time jobs. He worked about twenty hours per week at $5 per hour at Heritage Chevrolet. He also worked about fifteen hours per week for $7.50 per hour at a veterinary clinic. He claims his gross income from these two part-time jobs to be about $920 per month.

Pamela was also thirty-six years old at the time of the dissolution trial. While managing at Sanborn, Pamela paid herself $500 per month. However, she lost her lease there and was unemployed at the time of the trial. Pamela is certified as a nurse's aide and testified she could earn minimum wages if she worked as a nurse's aide.

The district court entered a partial decree on January 24, 1991, dissolving the parties' marriage but reserving all other issues. The court entered its supplemental decree on March 7, 1991. The court awarded the parties joint legal custody of the children, with Pamela having primary physical care.

The district court found the record was virtually devoid of meaningful information with which it could apply the child support guidelines. The court ordered Steven to pay child support of $200 per month per child. The court did not award any spousal support.

Steven was awarded property having a net value of $8,741. Pamela was awarded property having a net value of $15,750. Steven was ordered to pay $2,000 towards Pamela's attorney fees. Steven has appealed; Pamela has not cross-appealed.

■ I. Our scope of review in dissolution cases is de novo. *In re Marriage of Craig*, 462 N.W.2d 692, 693 (Iowa App. 1990). While not bound by the trial court's determination of factual findings, we will give them considerable weight, especially when considering the credibility of witnesses. *Id.*

■ II. Steven first contends his child support obligation is excessive and inequitable. He contends the district court should have applied the child support guidelines. He states that his total gross income in 1990 was $9,250 and that under the guidelines his child support obligation would be $232.

Steven apparently began his duties at the Meadowbrook Golf and Country Club on April 1, 1990. He testified that from April 1, 1990, to December 31, 1990, he made $7,873 at the country club. On cross-exam-

ination, however, he admitted that from April 1, 1990, to October 1, 1990, he made $9,675. The country club stayed open during the winter.

Steven testified that during the summer he worked from 9 a.m. until 12 midnight at the country club. In the winter he worked from 5 p.m. until 10 p.m. on the average. Because he had less hours at the country club in the winter he had taken the two part-time jobs mentioned earlier. As noted he worked at the Hartley Veterinary Clinic about twenty hours per week and earned $7.50 per hour. That job was to end March 1, 1991, and perhaps would begin again October 1, 1991.

In addition he worked at Heritage Chevrolet about fifteen hours per week for $5 per hour. He testified he might stay with this job if he felt he could take the time off from the country club when the busy season started. On the other hand, he might quit this job in the spring of 1991.

■ It is clear the trial bench should apply the child support guidelines when determining the amount of support the noncustodial parent is to pay. *See In re Marriage of Bergfeld*, 465 N.W.2d 865, 869 (Iowa 1991). However, before the amount of support can be fixed in accordance with the guidelines an honest and complete revealment of income must be made. In addition there can be a variance from the amount of support fixed by the guidelines if there is a written finding the guidelines would be unjust or inappropriate under certain prescribed criteria.

The main source of appellant's income stems from his employment at Meadowbrook Country Club. By his own admission his employment there during the winter months is limited. Consequently, he secured employment elsewhere to supplement his income.

It is here that the appellant creates a problem. The trial court found, and we agree, that the appellant is extremely vague as to the total hours worked at his various jobs and as to what could be relied on in determining projected income from his other employment. Steven admitted his

tax returns for the years 1988 and 1989 were inaccurate. He also admitted that at an earlier temporary support hearing he had underreported his income from Meadowbrook by $6,100.

We believe, from our de novo review of the record, that if we were to fix child support in accordance with the guidelines based upon the income set forth in appellant's brief that substantial injustice would result to the children. It is clear from the record before us, and as recognized by the trial court, that adjustments are necessary to provide for the needs of the children and to do justice between the parties.

The appellant's income exceeds the amount he argues to us. In addition he has the ability to earn more with a minimal amount of effort. We conclude he should pay child support in the amount of $150 per child and modify the decree accordingly.

III. Steven also contends the district court abused its discretion in ordering him to pay $2,000 towards Pamela's attorney fees. He believes Pamela unreasonably prolonged the dissolution proceedings which caused unnecessary attorney fees.

Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Hunt*, 476 N.W.2d 99, 103 (Iowa App.1991). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.*

We determine the district court did not abuse its discretion here. Steven has not presented sufficient evidence to show Pamela's attorney fees were unnecessary.

IV. Finally, Pamela asks for attorney fees of $1,024.78 for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *Id.* We order Steven to pay $500 towards Pamela's attorney fees for this appeal. Costs of the appeal are assessed to Steven.

AFFIRMED AS MODIFIED.