In re the MARRIAGE OF Margaret Ann MILLER and Wayne Carl Miller

Upon the Petition of

Margaret Ann Miller, Appellee,

And Concerning

Wayne Carl Miller, Appellant.

No. 93–1340.

Court of Appeals of Iowa.

March 30, 1995.

Craig S. Shannon of Grefe & Sidney, Des Moines, for appellant.

R. James Sheerer of Correll & Sheerer, Cedar Falls, for appellee.

HUITINK, Judge.

Margaret and Wayne Miller were married in 1965. They had three children during the marriage, two of whom were minors at the time of the dissolution proceedings. Matthew was born on December 28, 1975, and Ryan was born on November 20, 1977.

Wayne was forty-seven years old at the time of the dissolution hearing. During most of the marriage he was employed as a project manager at John Deere and Company in Waterloo. In 1987 he took a voluntary separation from that job. Wayne has since frequently changed jobs and moved around the country. At the time of the hearing, he was living in Tampa, Florida, and was employed at Heath Manufacturing, where he earned about $50,000 annually and had net monthly income of $3118. Wayne obtained a college degree in management while he was employed at John Deere.

Margaret was forty-five years old at the time of the hearing. She did not work outside the home during most of the marriage.

The parties separated in December 1990, and Margaret moved with the children to Cedar Falls. She recently acquired an associate degree in accounting from Hawkeye Community College. Margaret was employed part-time as a cashier at Hy–Vee, where she had annual income of $6720 and net monthly income of $525.

The district court issued a dissolution decree for the parties on July 27, 1993. The parties were awarded joint legal custody of the children, with Margaret having primary physical care. Wayne was ordered to pay child support of $1,044 per month and to provide health insurance for the children.

The court awarded Margaret alimony of $300 per month until she remarried, died, began receiving her share of Wayne's pension, or until there was a substantial change in her income. Margaret was awarded one-half of Wayne's pension benefits from John Deere. The court divided the parties' assets to award Margaret assets worth about $14,250 and ordered her to pay debts of $843, which gives her net assets of $13,407. Wayne was awarded assets worth $15,000 and ordered to pay debts of $12,133, which gives him net assets of $2867. Wayne was ordered to pay $1500 towards Margaret's trial attorney fees. Wayne has appealed.

■ I. Our review of this equitable action is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

II. Wayne claims his child support obligation is excessive because the district court failed to properly calculate Margaret's net monthly income. Wayne believes Margaret has the ability to work full-time and we should calculate his child support obligation by assuming she was working full-time.

■ In applying the child support guidelines, the court must determine the parents' current monthly income from the most reliable evidence presented. *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). This often requires the court to carefully

consider all of the circumstances relating to the parents' income. *Id.*

■ The evidence showed that while Margaret was looking for an entry level accounting job she was employed part-time as a cashier at Hy–Vee. We note the youngest child here was fifteen at the time of the dissolution hearing and find that by the time Margaret is likely to become established in an accounting career, Wayne's child support obligation under the decree will likely be terminated. Therefore, we affirm the provision of the decree relating to Wayne's child support obligation.

III. Wayne asks to have the length of his alimony obligation reduced. He believes Margaret is not entitled to lifetime or permanent alimony and asks that his alimony obligation terminate after two years.

■ Alimony is a stipend to a spouse in lieu of the other spouse's legal obligation for support. *In re Marriage of Francis*, 442 N.W.2d 59, 62 (Iowa 1989). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Whelchel*, 476 N.W.2d 104, 110 (Iowa App.1991). We consider property division and alimony together in evaluating their individual sufficiency. *Id.*

■ We agree that Margaret is not entitled to lifetime or permanent alimony. Margaret has received training which will allow her to begin a career in accounting, and which should make her self-supporting. She is only forty-five years old, which should give her at least twenty years to pursue her career. We also note Margaret was awarded a greater share of the parties' net assets.

■ We believe rehabilitation alimony is more appropriate under the circumstances of this case. Rehabilitative alimony was created to give a spouse incentive and opportunity to become self-supporting. *Francis*, 442 N.W.2d at 63. We determine Margaret should be awarded rehabilitative alimony of $300 per month for a period of three years. We find that after three years Margaret will no longer have any custodial duties because the children will all be adults. We also find

she should be able to become established in an accounting job by this time.

IV. Wayne claims the property division is inequitable to him. He asks that Margaret be responsible for more of the debt. He states Margaret should pay one-half of two of the parties' credit card bills, which would require her to pay an additional $1150 in debt.

■ The partners in a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App.1991). As noted above, we consider property division and alimony together in evaluating their individual sufficiency. *Id.*

■ In reducing the amount of time Margaret is to receive alimony, we noted she was awarded a greater share of the parties' net assets. We determine Margaret has a greater need for these assets at the present time because she must establish a home for herself and the children. We affirm the division of property.

■ V. Wayne contends the district court abused its discretion in ordering him to pay $1500 for Margaret's trial attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Hunt*, 476 N.W.2d 99, 103 (Iowa App. 1991). We find Wayne has failed to show the trial court abused its discretion here.

■ VI. Margaret seeks attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *Id.* We determine each party should pay his or her own attorney fees for this appeal.

We have modified the parties' dissolution decree to reduce the length of time Margaret is to receive alimony. We have affirmed the district court on all other issues. Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**

All judges concur except SACKETT, J., who concurs in part and dissents in part.

SACKETT, Judge (concurring in part; dissenting in part).

I concur in part and dissent in part. I would affirm the trial court.