In re the MARRIAGE OF James Blaine ERICKSON and Teresa Yvonne Erickson.

Upon the Petition of

James Blaine Erickson, Petitioner–Appellee,

And Concerning

Teresa Yvonne Erickson, Respondent–Appellant.

No. 95–0375.

Court of Appeals of Iowa.

July 26, 1996.

---

Theodore F. Sporer and Brenda A. Currans of the Sporer Law Firm, P.C., West Des Moines, for appellant.

Leslie Babich of Babich, McConnell & Renzo, P.C., Des Moines, for appellee.

Considered by SACKETT, C.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

This is an appeal from the economic provisions of a dissolution decree. Appellant also seeks the restoration of her maiden name and appellee seeks an award of appellate attorney fees. We modify the decree to order the restoration of appellant's maiden name and remand for entry of an order consistent with this modification.

Teresa and James Erickson were married in May 1991 and separated in March 1994. There are no children from the marriage. During the marriage Teresa and James attended college full-time and part-time and worked numerous jobs to support themselves.

Following a dissolution hearing, the court found that James earned $24,000 annually working at ITS in Johnston and Teresa attended college full-time at Drake University and worked part-time earning approximately $650 per month. Teresa had approximately two years of college to complete before she would become a teacher.

The court awarded Teresa approximately $2875 in personal/household property and James was awarded $4860 in personal property. Each party was also awarded a vehicle and was responsible for any purchase-price indebtedness owing on the vehicle he or she was awarded. James was ordered to pay $12,231 of the parties' debts and his student loan debt which exceeded $17,000. Teresa was ordered to pay $7487 of the parties' debts.

The court ordered the proceeds from the sale of their home to be divided equally; however, it provided if the parties' $2500 loan from James' parents for a down payment had not been repaid, it should be repaid before dividing the proceeds of the sale. The court further ordered each party to pay his or her own attorney fees.

█ In this equity action, our review is de novo, and we have a duty to examine the entire record and adjudicate anew the issues properly presented. *In re Marriage of Brauer,* 511 N.W.2d 645, 646 (Iowa App. 1993).

█ *I. Rehabilitative Alimony.* Teresa contends she should have been awarded rehabilitative alimony as support to enable her to finish college. Alimony is a stipend to a spouse in lieu of the other spouse's legal obligation for support. *In re Marriage of Miller,* 532 N.W.2d 160, 162 (Iowa App.1995). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *Id.* We consider property division and alimony together in evaluating their individual sufficiency. *Id.*

Self-sufficiency is the goal of rehabilitative alimony. *See In re Marriage of Francis,* 442 N.W.2d 59, 64 (Iowa 1989). Rehabilitative alimony was conceived as a way of supporting an economically dependent spouse through a limited period of re-education and retraining following divorce, thereby creating incentive and opportunity for that spouse to become self-supporting. *Id.* at 63.

█ The parties are young and in good health and this is a marriage of short duration. Neither alimony nor rehabilitative alimony is warranted. This is not a case in which one spouse was economically dependent on the other. Instead, the parties were economically dependent on each other as both were students who worked numerous jobs in order to maintain a home while going to college. Nor is this a situation in which one spouse sacrificed an education or career solely for the benefit of the other. Both Teresa and James worked while attending school and contributed jointly toward their household expenses. Teresa did quit school at one point, but this minor absence is not sufficient to warrant an award of rehabilitative alimony.

*II. Division of Debt.* Teresa argues the district court's division of debt was inequitable given James' earning capacity and her present inability to repay the marital debt. Specifically, she asserts she should not be responsible for the repayment of the $1800 debt to her aunt and the district court should

not have required repayment of the $2500 loan to James' parents before the division of the proceeds from the sale of the house.

■ The allocation of marital debts is an integral part of a property division. *See In re Marriage of Johnson*, 299 N.W.2d 466, 467 (Iowa 1980). Both the division of property and the division of debts should be equitable.

■ On the parties' joint statement of assets and liabilities, Teresa had accepted responsibility for repaying the $1800 debt to her aunt. In her post-trial rule 179(b) motion, she argued the $1800 loan was a debt related to the purchase of the vehicle awarded to James and he should have to repay it.

We agree with the district court that Teresa had stipulated to her acceptance of this debt at trial. Furthermore, James was ordered to pay a much greater amount of the parties' debts. Requiring Teresa to repay the debt to her aunt was equitable.

■ We also affirm the district court's handling of the $2500 loan made by James' parents for the parties' down payment on their home. If that debt has not been repaid, it should be paid first from the sale proceeds from the house. If the $2500 debt has already been paid, as Teresa argues it has, the division of the sales proceeds will not be affected.

As it relates to the question of whether the $2500 loan has been repaid, we reject James' suggestion that if the parties cannot agree whether the debt has been repaid, a declaratory judgment action can be brought to resolve this issue. Rather, since this case is to be remanded under division III of this opinion, we further direct the trial court on remand, if the parties are unable to agree whether the $2500 debt has been repaid, to make that determination and, if necessary, the trial court may take additional testimony to enable it to resolve this question.

*III. Restoration of Maiden Name.* In her answer, Teresa requested the restoration of her maiden name. The dissolution decree did not address this request. James' brief indicates he has no objection to the restoration of Teresa's maiden name, but he argues it should be done separate from this appeal through a chapter 674 name change proceeding.

■ Iowa Code section 598.37 authorizes a dissolution court to change a person's name to either the name appearing on the person's birth certificate or the name the person had immediately prior to the marriage. Teresa's request for restoration of her maiden name should have been granted. However, we are unable to find anything in either Teresa's briefs or the trial record specifying what Teresa's maiden name was. We remand this case to the trial court for the receipt of evidence as to what Teresa's maiden name was and the entry of an order modifying the decree to provide for the restoration of that name.

■ *IV. Trial Attorney Fees.* In its dissolution decree, the district court declined to grant either party attorney fees. On appeal, Teresa claims she should have been awarded $2000 in attorney fees. An award of attorney fees lies within the discretion of the trial court. *In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994). Whether attorney fees should be awarded depends on the respective abilities of the parties to pay and the fees must be fair and reasonable. *Id.* To overturn the decision of the trial court, Teresa must establish the trial court abused its discretion. *Id.*

■ Although there is a clear disparity in the present level of Teresa's and James' incomes, James was ordered to pay a much greater amount of the parties' debts. Under these circumstances, we find the decision not to award trial attorney fees was equitable and not an abuse of discretion.

■ *V. Appellate Attorney Fees.* James requests an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within our discretion. *In re Marriage of Scheppele*, 524 N.W.2d 678, 680 (Iowa App.1994). In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal. *Id.* Given the circumstances of the parties in this

action, we do not find equity warrants an award of appellate attorney fees to James.

**AFFIRMED AS MODIFIED AND RE-MANDED WITH DIRECTIONS.**