## IN THE COURT OF APPEALS OF IOWA

No. 16-1772
Filed May 17, 2017

IN RE THE MARRIAGE OF LARONNA LEA ORR
AND DAVID WAYNE ORR

Upon the Petition of
LARONNA LEA ORR,
        Petitioner-Appellee,

And Concerning
DAVID WAYNE ORR,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Kevin McKeever,

Judge.


        A father appeals the physical care and visitation provisions of a decree of

dissolution of marriage. **AFFIRMED.**


        Richard F. Mitvalsky of Gray, Stefani, & Mitvalsky, P.L.C., Cedar Rapids,

for appellant.

        Caitlin L. Slessor and Kerry A. Finley of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

David and LaRonna Orr married in August of 2002. Two children were born to the marriage: L.O., in 2003, and I.O., in 2005. This is an appeal from a decree dissolving their marriage. The district court awarded the parties joint legal custody of the children, LaRonna physical care of the children, and David liberal visitation. David timely filed this appeal, contending he should be awarded physical care of the children and contending the summer visitation schedule should be modified.

Dissolution actions are tried in equity and reviewed de novo on appeal. *See* Iowa R. App. P. 6.907; *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007); *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006). We review the entire record and adjudicate anew those issues properly preserved and presented for appellate review. *See In re Marriage of Anderson*, 522 N.W.2d 99, 101 (Iowa Ct. App. 1994). "Although our review is de novo, we exercise our review with deference to the district court." *Kaczinski v. Welch*, No. 16-1522, 2017 WL 1088118, at *1 (Iowa Ct. App. Mar. 22, 2017). If a district court decision has failed to do equity, we may depart from its ruling. *See In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016).

As a general rule, in equity, a trial court should receive evidence subject to any objections made to allow for de novo review of the record. *See In re Marriage of Anderson*, 509 N.W.2d 138, 142 (Iowa Ct. App. 1993). Here the district court ruled on objections and excluded certain evidence, but neither party objected to the procedure "so we consider the record as made at the trial court level." *Id.*

The Iowa Code defines "physical care" as "the right and responsibility to maintain a home for the minor child and provide for the routine care of the child." Iowa Code § 598.1(7) (2014). In making the physical care determination, we look to the factors set forth in Iowa Code section 598.41(3) and enumerated in our case law. See *In re Marriage of Hansen*, 733 N.W.2d 683, 696–700 (Iowa 2007); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). "Each factor, however, does not necessarily impact the decision with equal force." *In re Marriage of Daniels*, 568 N.W.2d 51, 54 (Iowa Ct. App.1997). In considering these factors, our ultimate objective "is to place the child in the environment most likely to bring him to healthy mental, physical, and social maturity." *McKee v. Dicus*, 785 N.W.2d 733, 737 (Iowa Ct. App. 2010). "The controlling consideration is the best interests of the child." *Stieneke*, 2016 WL 2745058, at *1. The "best interest of the child includes but is not limited to the opportunity for maximum continuous physical and emotional contact possible with both parents, unless direct physical or significant emotional harm to the child may result from this contact. Refusal by one parent to provide this opportunity without just cause shall be considered harmful to the best interest of the child." We will "ultimately decide[ ] by determining under the whole record which parent can minister more effectively to the long-range best interests of the children." *Id.*

An award of joint physical care is impracticable under the circumstances presented. During the course of their marriage, the parties resided in Marion. They separated in 2014, and LaRonna relocated to Iowa Falls to obtain a teaching position. By the time of trial, LaRonna had relocated to Hubbard, her hometown, to obtain a permanent teaching position. Hubbard is approximately

two hours from Marion by car. The physical distance between the parties' residences makes an award of joint physical care infeasible. Where, as here, joint physical care is not appropriate, we "must choose one parent to be the primary caretaker, awarding the other parent visitation rights." *In re Marriage of Hynick*, 727 N.W.2d 575, 579 (Iowa 2007). In making the determination, there is a presumption against separating siblings. *See In re Marriage of Will*, 489 N.W.2d 394, 398 (Iowa 1992).

On de novo review, upon consideration of all of the relevant factors, we conclude awarding LaRonna physical care of the children is appropriate. First, LaRonna historically has served as their primary caregiver. *See Hansen*, 733 N.W.2d at 697 (discussing approximation principle). Second, LaRonna's work schedule is more conducive to maximizing parental contact with the children. *See Will*, 489 N.W.2d at 398 ("Dwight's work schedule is very demanding and he is often away from home for long hours trucking. Janel's work schedule is flexible and can be adjusted to fit the children's school attendance."). LaRonna works as a teacher, and her work schedule would be synchronized with the children's schedule. In contrast, David works as a banker, has longer hours, and has to travel some for work. Third, LaRonna is better positioned to minister to the particular needs of I.O. I.O. had an Individualized Education Plan (IEP) for special educational needs and continues to have a Section 504 plan that provides her accommodations at school. LaRonna's training as a special education teacher is beneficial to I.O. *See In re Marriage of Scott*, No. 15-2228, 2016 WL 6636929, at *5 (Iowa Ct. App. Nov. 9, 2016) (affirming grant of primary care to mother with special-education background where one child had IEP); *In*

*re Marriage of Rickels*, No. 14-0952, 2015 WL 576378, at *2 (Iowa Ct. App. Feb. 11, 2015) (discussing with approval special-education-teacher mother's plan to address child's ADHD); *In re Coats*, No. 06-0452, 2006 WL 2265488, at *2 (Iowa Ct. App. Aug. 9, 2006) (affirming physical care award to mother where child was in early childhood development and mother's educational emphasis was in early childhood development). Fourth, while David appears to be the better communicator, we have little doubt LaRonna is willing and able to communicate information regarding the children to David and is willing and able to facilitate the children's relationship with David.

David raises several arguments in support of awarding him physical care of the children. He argues LaRonna's decision to move with the children without prior notice to him demonstrates her unsuitability as the primary caregiver. LaRonna's decision to relocate the children without discussion was improper; however, under the circumstances we find it non-dispositive. LaRonna had genuine concerns regarding her safety had she given David prior notice. David contends keeping the children in Marion will provide them with greater stability. They would remain in the family home, attend the same schools, and maintain their social networks. While that is true, we conclude it does not outweigh the other considerations discussed above. Finally, David contends the school district in Marion is superior. As a factual matter, the record does not support the contention. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 36 (Iowa 2015) (comparing urban and rural school districts and concluding "the record does not establish that the children's educational interests dictate that they should reside

in the" more urban district). Both school districts afford the children excellent educational and extracurricular opportunities. They can thrive in either setting.

Having concluded LaRonna should be awarded physical care, we next address visitation. In the summer, the parties exercise a "week-on, week-off" visitation schedule. At trial, David proposed that, if he were given primary care, LaRonna have an additional week of summer visitation. Now that LaRonna has been awarded physical care, David requests his proposed summer schedule be adopted in his favor. He argues this will allow him extended vacations with the children and will provide "greater balance in parenting time overall." LaRonna responds that the children have significant extracurricular commitments during the summers and this change will disrupt their schedules.

In determining visitation rights, we again look to the best interests of the children. *See In re Marriage of Hunt*, 476 N.W.2d 99, 103 (Iowa Ct. App. 1991). Insofar as it is reasonable and in a child's best interest, we order liberal visitation rights to assure the child the opportunity for maximum continuing physical and emotional contact with both parents. *See id.* (quoting Iowa Code § 598.41(1)). Here, we see no reason to disturb the summer visitation schedule. The children are getting older and will continue to have competing demands on their time during the summer months. *See id.* The schedule as it stands is equitable and strives to maximize contact among the children and parents during the summer. Of course, the parties are free to cooperate with each other to modify the ordered visitation schedule as appropriate and in the best interests of the children. We affirm the district court's order as to summer visitation.

Finally, LaRonna requests appellate attorney fees. Appellate attorney fees are not a matter of right, but rather rest in the discretion of the court. *See In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In determining whether to grant an award of appellate fees, we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). Upon consideration of all the relevant factors, we decline to award appellate attorney fees in this case.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIMRED.**