**In re the MARRIAGE OF Betty PRATT and Leroy G. Pratt, II.**

**Upon the Petition of Betty Pratt, Petitioner–Appellee/Cross–Appellant,**

**And Concerning Leroy G. Pratt, II, Respondent–Appellant/Cross–Appellee.**

No. 91–1142.

Court of Appeals of Iowa.

July 30, 1992.

Thomas T. Tarbox of Smith, Schneider, Stiles, Mumford, Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for appellant.

Jill S. Rolek, Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Respondent-appellant Leroy G. Pratt, II challenges the economic provisions of a dissolution decree dissolving his long-term marriage. He contends the trial court did not make an equitable division of the property when it awarded him assets representing one-third of the property accumulated during the marriage and failed to consider a substantial loan he claims his father made to the couple. Petitioner-appellee Betty Pratt cross-appeals, contending she should have alimony and attorney fees. We affirm as modified.

Leroy and Betty Pratt were married in 1968. This has been a childless marriage. Betty is forty-three and Leroy is forty-seven. Betty is a high school graduate and has been employed during the marriage. She has pernicious anemia and requires vitamin B–12 shots on a regular basis. Leroy, who had not graduated from high school at the time of the marriage, has gone to school during the marriage and currently is in a Master's program at a California university. Leroy has had nine years of schooling during the marriage, and his employment has been sporadic. Leroy is in good health.

The parties during their marriage accumulated assets valued at approximately $150,000. The trial court allocated the assets about $100,000 to Betty and about $50,000 to Leroy. There was no alimony awarded.

Leroy challenges this allocation both because he contends it is not equitable and because he contends the trial court did not properly consider gifts made by his parents and did not properly consider a cash advancement from his father that he claims was a loan. Betty contends the allocation of assets is equitable because she was the primary wage earner during the marriage and Leroy's education gives him substantial earning potential. She said the sums advanced the parties by Leroy's family were gifts, not loans, and because of the circumstances of the marriage, it was equitable for the trial court not to consider this money in the allocation of assets.

Betty has cross-appealed, contending that the trial court should have awarded her alimony and she should have attorney fees on appeal.

Our review is de novo. Iowa R.App.P. 4.

At the time of trial, Betty had an annual income of about $20,000. She has a retirement plan with her employer. Additionally, she has a greater potential for increased social security benefits when she reaches retirement.

Leroy, at forty-seven, was still a student. His only income is from work study. Betty contends his education will provide him with an earning potential greater than her earning potential. She also points out that he has been able to pursue his education because she has been the primary wage earner during the marriage. Leroy argues there are no assurances his academic pursuit will increase his earning potential.

We are not convinced given Leroy's past history of employment and his age that additional education is a key to his obtaining lucrative employment. There is no evidence in the record of the type of job he allegedly will be qualified for or that such a job will be available to him. We recognize his entry in the business world will be hampered by his age and lack of a stable employment history. This clearly distinguishes this case from *In re Marriage of Horstmann*, 263 N.W.2d 885, 891 (Iowa

1978) (husband received law degree with increased earning potential); *In re Marriage of Janssen*, 348 N.W.2d 251, 252–53 (Iowa 1984) (husband received medical degree which enhanced his earning potential); *In re Marriage of Francis*, 442 N.W.2d 59, 62 (Iowa 1989) (husband received medical degree which increased earning potential); and *In re Marriage of Jennings*, 455 N.W.2d 284, 286 (Iowa App.1990) (husband received law degree which increased earning potential).

We must approach this issue from a gender-neutral position avoiding sexual stereotypes. *See In re Marriage of Bethke*, 484 N.W.2d 604, 608 (Iowa App. 1992). We consider the equitability of the economic provisions the same as we would had Leroy been the primary wage earner and had Betty been underemployed and continued her education during marriage. To do otherwise would provide for different treatment on the basis of sex. *See Orr v. Orr*, 440 U.S. 268, 278–79, 99 S.Ct. 1102, 1111, 59 L.Ed.2d 306, 318–19 (1979).

The parties assumed roles in the marriage which put Betty in the position of the primary wage earner. She has worked hard and provided an adequate living. She leaves the marriage with a good job. She has pension benefits, disability coverage under social security, and will have greater social security benefits from marital years than Leroy does. We look to the presence or absence of social security benefits in analyzing the equity of the financial aspects of a dissolution. *See In re Marriage of Schissel*, 292 N.W.2d 421, 427 (Iowa 1980); *Locke v. Locke*, 263 N.W.2d 694, 696 (Iowa 1978). While the marriage lasted over ten years and Leroy may have some rights to draw on Betty's benefits, his benefits if he draws on her coverage will be less than her benefits. Leroy leaves the marriage with considerably more education than Betty, but no proven employment skills and little or no social security and pension coverage.

We recognize in marriage the spouses assume certain roles. Obviously, for reasons private to this family, they did not follow the traditional pattern of the husband being the primary wage earner. It is important, however, that we respect the rights of individuals to designate a primary wage earner during the marriage and erase any gender bias that because Leroy is male it was incumbent upon him to have employment.

In approaching this record from a gender-neutral position, we cannot justify the property division that was made.

Leroy's mother provided as a gift in 1971 an initial down payment of $6,000 on Leroy and Betty's first home. When Leroy and Betty bought their second home, Leroy's father advanced them $47,000. There is serious dispute whether this sum was a gift or a loan. Leroy's father also has contributed to Leroy's educational expenses. There is evidence supporting a finding the $47,000 was a gift and evidence supporting a finding it was a loan. We recognize the right of Leroy's father to recover the money from this couple is not an issue in this proceeding. We find it unnecessary to distinguish whether the advance was a loan or a gift. The money came from Leroy's family. There is no evidence that justifies its division with Betty even if it is a gift rather than a loan. *See In re Marriage of Thomas*, 319 N.W.2d 209, 211–12 (Iowa 1982).

We cannot under this record find the property division was equitable. We modify the division made by the trial court to provide that Leroy rather than Betty receive the equity in the Broad Street contract of approximately $36,000 and strike the provision that there be a $10,000 lien in Leroy's favor on the 42nd Street house. We further provide that Leroy shall assume and hold Betty harmless on any claim against Betty by Leroy's father to recover the $47,000 he advanced the couple. We affirm the other provisions of the trial court's decree. Our modification will result in the parties receiving a nearly equal property division. In making this division, we have considered the $47,000 as a loan or gift from Leroy's father that is not divisible with Betty. We also have considered the contribution Betty made to Leroy's edu-

cation in assessing the equity of the property division.

We next address Betty's claim that she should be awarded alimony. Betty is gainfully employed and has related job benefits, social security, disability, and pension. Leroy may be educated, but he is without gainful employment. There is no basis on this record to award Betty alimony.

We award no attorney fees on appeal.

The costs on appeal shall be paid one-half by Leroy and one-half by Betty.

AFFIRMED AS MODIFIED.