In re the MARRIAGE OF Mary
Lena ROBISON and Tony
R. Robison, Jr.

Upon the Petition of Mary Lena Robison,
Petitioner–Appellant,

And Concerning Tony R. Robison,
Jr., Respondent–Appellee.

No. 94–1686.

Court of Appeals of Iowa.

Oct. 31, 1995.

---

Lee M. Walker of Walker, Knopf & Billingsley, Newton, for appellant.

Ted Harrison Engel, Des Moines, for appellee.

Heard by SACKETT, P.J., CADY, J., and OXBERGER, Senior Judge.*

SACKETT, Judge.

Petitioner-appellant Mary Lena Robison appeals from the economic provision of the decree dissolving her long-term marriage to respondent-appellee Tony R. Robison, Jr. Mary challenges only that provision of the decree which allocated pension rights Tony had as a result of long-time employment with the Maytag Company. The trial court allocated the pension rights so as to give Mary forty percent of the pension when she reaches the age of sixty-two years or becomes disabled for social security purposes. Mary contends she should have been awarded fifty

---

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

percent of the pension rights payable at the time of the dissolution. We affirm as modified.

■ Although Mary only challenges the division of the pension, we cannot consider the pension in isolation but must look to the economic provisions of the decree as a whole in assessing the equity of the pension division. Iowa is an equitable distribution state which means the partners in a marriage that is to be dissolved are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App. 1987).

Mary and Tony were married in 1968. Their children, who Mary remained out of the work force to raise, are now adults. During the marriage, Mary went to college and obtained a bachelor of arts degree in psychology. Mary is currently employed by the State of Iowa and has an annual income, in addition to employment benefits, of $20,-000. Mary is forty-eight years of age. She has and is accumulating additional pension benefits through her employment.

Tony worked before and during the marriage for the Maytag Company. He is forty-nine years of age. Tony took an early retirement and receives retirement benefits of $17,000 per year. He will continue to receive the pension even if he receives wages from other employment. Tony has chosen not to obtain other employment. Tony is trained as a nurse's aide, but employment opportunities in this area are severely limited because he has a fifty-pound lifting restriction due to a debilitating condition in his back. Mary contends she should receive one-half of the $17,-000 per year pension commencing on the day of the dissolution decree.

■ We agree with Mary pension benefits should be considered in making an equitable division of property. *See In re Marriage of Whelchel*, 476 N.W.2d 104, 107 (Iowa App. 1991). Pension benefits are subject to equitable distribution. *See id.; In re Marriage of Mott*, 444 N.W.2d 507, 510 (Iowa App. 1989).

Pensions are subject to division in dissolution cases, just as any other property. *See*

*In re Marriage of Howell*, 434 N.W.2d 629, 632 (Iowa 1989); *In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982).

This is consistent with this summary of the general rule:

In noncommunity property states having statutes providing for equitable distribution of the property of divorced spouses, it uniformly has been held that contributions made during marriage to a retirement or pension fund, and absolutely subject to withdrawal by the contributing spouse, are subject to division by the divorce court, or at least properly includable in the total assets subject to award or division.

*In re Marriage of Branstetter*, 508 N.W.2d 638, 639 (Iowa 1993) (citing Annotation, *Pension Rights—Division on Dissolution*, 94 A.L.R.3d 176, 232 (1979)).

■ Mary's first argument appears to be she should have one-half the pension because there should be an equal division of the property. As stated earlier, we cannot consider the pension in isolation and an equitable division does not necessarily mean an equal division of each asset. *See In re Marriage of Peterson*, 491 N.W.2d 535, 537 (Iowa App.1992). Rather, the issue is what is equitable under the circumstances. *In re Marriage of Webb*, 426 N.W.2d 402, 405 (Iowa 1988).

The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

Section 598.21(1) of the 1993 Iowa Code, in relevant part, provides:

The court shall divide all property, except inherited property or gifts received by one party, equitably between the parties after considering all of the following:

a. The length of the marriage.

b. The property brought to the marriage by each party.

c. The contribution of each party to the marriage, giving appropriate economic value to each party's contribution in homemaking and child care services.

d. The age and physical and emotional health of the parties.

e. The contribution by one party to the education, training or increased earning power of the other.

f. The earning capacity of each party, including educational background, training, employment skills, work experience, length of absence from the job market, custodial responsibilities for children and the time and expense necessary to acquire sufficient education or training to enable the party to become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage.

. . . .

h. The amount and duration of an order granting support payments to either party pursuant to subsection 3 and whether the property division should be in lieu of such payments.

i. Other economic circumstances of each party, including pension benefits, vested or unvested, and future interests.

j. The tax consequences of each party.

k. Any written agreement made by the parties concerning property distribution.

. . . .

m. Other factors the court may determine to be relevant in an individual case.

■ Our review of the issue raised by Mary is made more difficult by the failure of Mary to outline the entire economic provisions of the trial court decree in her brief.

Mary was given the family home with an equity of about $9000, as well as the household goods and furniture. The decree does not value the household goods and furniture. Tony was given some silver coins given him by his mother. They both received vehicles. They both assumed some debt, and Tony paid the debt on Mary's motor vehicle.

In assessing the issue, we are without the benefit of the value of the other property rights allocated to each partner. We look to the fact Mary received a college degree during the marriage and, at the time of the dissolution, she had good employment with excellent benefits. At the time of the dissolution, Tony had no employment and, although employable, his employability is limited to his lifting restriction and his age.

The record does not spell out what part of Tony's pension was accumulated before marriage or the value of the pension to Mary on Tony's death should he predecease her.

We are hesitant to reverse the trial court on an incomplete record. We consider what little we know about the property division and the fact Tony accumulated some pension benefits prior to marriage in affirming the trial court decision to divide the pension forty percent to Mary and sixty percent to Tony.

We have considered, too, at the time of the dissolution, Mary was gainfully employed and her employment opportunities had been enhanced by a college education she obtained during the marriage. However, we find it inequitable to allow Tony to enjoy the total pension benefits for the period fixed by the trial court. Consequently, we modify the decree to provide that commencing January 1, 1996, Tony shall commence to pay Mary forty percent of the pension benefits he receives from the Maytag Company. In all other respects, we affirm the trial court decision.

We award no attorney fees. Court costs on appeal shall be taxed one-half to each party.

**AFFIRMED AS MODIFIED.**