In re the MARRIAGE OF Gary E. DEAN and Vicki A. Dean.

Upon the Petition of

Gary E. Dean, Petitioner–Appellant,

and Concerning

Vicki A. Dean, Respondent–Appellee.

No. 01–0239.

Court of Appeals of Iowa.

Jan. 9, 2002.

---

Ben T. Doran of Doran, Anderson & Baltimore, P.L.C., Boone, for appellant.

Timothy McCarthy, II, of McEnroe, McCarthy & Gotsdiner, P.C., West Des Moines, for appellee.

Considered by SACKETT, C.J., and MAHAN and HECHT, JJ.

SACKETT, C.J.

Petitioner-appellant Gary E. Dean appeals challenging the property division made by the district court in dissolving his short-term, childless marriage. Gary paid debts respondent-appellee Vicki Dean had at the time of the marriage with money he brought to the marriage. He contends these payments should not have been found by the district court to be gifts to Vicki, and she should not have been relieved from repaying him the money he advanced. We affirm as modified.

Our review of the economic provisions of a divorce decree is de novo. Iowa R.App. P. 4 (1997). We examine the entire record and adjudicate anew the issues properly presented on appeal. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact-findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7); *In re Marriage of Grady–Woods*, 577 N.W.2d 851, 852 (Iowa Ct. App.1998). We approach this issue from a gender-neutral position avoiding sexual stereotypes. *In re Marriage of Pratt*, 489 N.W.2d 56, 58 (Iowa Ct.App.1992); *see also In re Marriage of Bethke*, 484 N.W.2d 604, 608 (Iowa Ct.App.1992).

Before making an equitable distribution of assets in a dissolution, the court must determine all assets held in the name of either or both parties as well as the debts owed by either or both. *See In re Marriage of Driscoll*, 563 N.W.2d 640, 641–42 (Iowa Ct.App.1997); *In re Marriage of Brainard*, 523 N.W.2d 611, 616 (Iowa Ct.App.1994). The assets should then be given their value as of the date of trial. *Locke v. Locke*, 246 N.W.2d 246, 252 (Iowa 1976); *In re Marriage of McLaughlin*, 526 N.W.2d 342, 344 (Iowa Ct.App. 1994). The assets and liabilities should then be equitably, not necessarily equally, divided after considering the criteria delineated in Iowa Code section 598.21(1) (1999). In general, the division of property is based upon each marriage partner's right to a just and equitable share of the property accumulated as a result of their joint efforts. *In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981).

Gary and Vicki married in January of 1999. They separated in January of 2000. A dissolution petition was filed in March of that year and a decree of dissolution was entered in January of 2001. At the time the decree was entered Gary was forty-two and Vicki was forty-six. Both parties were in good health.

Gary is a commodity consultant and a farmer. The record does not reveal his income. At the time of the marriage he had a substantial net worth. At the time of the dissolution he valued the assets and debts held in his name alone. He showed these assets to be worth $1,745,654.31 and these debts to be $59,810. Neither Gary nor Vicki contends that Gary's net worth increased during the marriage. Therefore we find the net worth he showed the dissolution court as his to be the net worth he had at the time of marriage reduced only by the amount he spent to satisfy the debts Vicki had at the time of marriage.

Vicki is a teacher's aide although she has worked in other fields. She earns about $950 a month. At the time of marriage she owned a twenty-six acre improved tract, three horses and a 1995 Ford Escort wagon. She still had the improved twenty-six acres at the time of the dissolution and valued it then at $87,719. We find this was its approximate value at the time of marriage. Vicki also had debts at the time of marriage of about $70,000, the majority of which were secured by a first and second mortgage on her real estate. She also owed attorney fees, real estate taxes and medical expenses.

Shortly after the parties were married Gary paid all of Vicki's approximately $70,000 debt. Included in the $70,000 Gary paid was a $13,000 line of credit secured by the second mortgage on Vicki's real estate. The line of credit was set up so Gary could borrow against it. As the marriage was failing Gary borrowed on that line of credit in the approximate amount of $13,000. At the time of the dissolution hearing the $13,000 had not been repaid.

The only question the district court was asked to decide was how to equitably allocate the parties' assets and debts. Vicki advanced to the district court that she

should leave the marriage debt free with the property she brought to the marriage and a pickup purchased during the marriage. Vicki contended Gary should have no credit for the $70,000 he advanced to pay her debts because in paying those debts Gary made a gift to her which should be set aside to her under Iowa Code section 598.21(2) (1999). This section provides:

Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

Gary said he never considered he was making a gift to Vicki when he paid her debts. Rather he paid them believing that the marriage would last and he was contributing to the parties' joint financial good. Gary makes no claim to Vicki's real estate but contends she should repay him for paying the debts she brought to the marriage.

The district court found Vicki's testimony that Gary gave her a gift when he paid her debts more credible than Gary's testimony he did not consider payment of Vicki's debts a gift to her. The district court accepted Vicki's argument and found the debt payment by Gary to be a gift to her. The court then said it would not restore Gary to the financial position he held before the marriage and that Vicki would not be required to reimburse Gary for money expended to pay the debts she brought to the marriage. The district court appeared to have determined that the issue was resolved by Iowa Code section 598.21(2) which provides that gifted and inherited property is not subject to

division unless the court finds to not do so would be inequitable.

The district court then gave Gary the property in his name except Vicki received a pickup purchased for $17,555 shortly before the parties' separation. Gary was ordered to pay the $13,000 owed on the line of credit and about $1000 Vicki owed on a credit card. We determine the pickup to be worth about $12,000 at the time of the dissolution. The net result of the district court's decision is Vicki leaves the marriage with about $83,000 more than she brought to it.

Gary contends the property division made by the district court was not equitable because he was not given adequate consideration for property he brought to the marriage. He points to Iowa Code section 598.21(1)(b) which directs that one of the factors the court should consider in making an equitable division of property is what each party brought to the marriage. He further contends that the payment of Vicki's debts was not a gift to her because he never intended that it be.

■ Although the parties only question that portion of the property settlement that concerns Gary's payment of Vicki's debts we cannot consider this issue in isolation but must look to the economic provisions of the decree as a whole in assessing the equity of the property division. *See In re Marriage of Robison,* 542 N.W.2d 4, 5 (Iowa Ct.App.1995). Iowa is an equitable distribution state, which means the partners in a marriage that is to be dissolved are entitled to a just and equitable share of the property accumulated through their joint efforts. *Id.* Our review of the property division here is made difficult by the sparse record made in the district court. *See Robinson,* 542 N.W.2d at 5.

Yet the focal question is did Gary in paying debts in Vicki's name and secured in a large part by real estate in her name, change the character of the $70,000 from property he brought to the marriage to property that should be set aside to Vicki as a gift.

■ Generally transfers of ownership between spouses have not been held to change the character of property inherited or gifted from a third person. *In re Marriage of Fall,* 593 N.W.2d 164, 167 (Iowa Ct.App.1999) (rejecting wife's argument that in transferring husband's gifted and inherited property into a revocable living trust that gave both husband and wife full power over the trust and the right to remove half of the assets the husband made a gift of half of the assets to the wife); *In re Marriage of Liebich,* 547 N.W.2d 844, 851 (Iowa Ct.App.1996) (holding the act of placing gifts or inheritances received by one spouse into joint ownership and/or commingling the same with other marital assets is not controlling in deciding whether the property should be divided as a marital asset); *In re Marriage of Higgins,* 507 N.W.2d 725, 727 (Iowa Ct.App.1993) (holding placement of the inheritance in joint ownership is not controlling); *In re Marriage of Hoffman,* 493 N.W.2d 84, 89 (Iowa Ct.App.1992) (holding where gifted or inherited property that went to one spouse was put in joint tenancy, the form in which the property was held was not controlling and overruling *In re Marriage of Butler,* 346 N.W.2d 45, 47 (Iowa Ct.App.1984) and *In re Marriage of Havran,* 406 N.W.2d 450 (Iowa Ct.App.1987) to the extent they conflicted with this view); *In re Marriage of Wertz,* 492 N.W.2d 711 (Iowa Ct.App.1992) (holding the transfer of assets from the name of one marriage partner to the name of the other partner did not result in the transferred property being considered a gift); *In re Marriage of Martens,* 406 N.W.2d 819, 821 (Iowa Ct.App.1987) (holding the

fact gift by wife's father was made to marriage partners as joint tenants with full rights of survivorship, and not as tenants in common was only one factor to considered in the broader calculus of donative intent and though fact husband's name was on the deed was relevant to the issue of whether is should be set aside to wife alone it was not determinative).

 The fact that property held in the name of one marriage partner is transferred to the name of the other marriage partner during the course of the marriage does not make it a gift as contemplated by Iowa Code section 598.21(1). *See Fall,* 593 N.W.2d at 167; *Wertz,* 492 N.W.2d at 711. Nor is the ownership of an asset the sole determinative factor in making an equitable division of marriage partners' assets in a dissolution. We disagree with Vicki and the district court that the $70,000 should be set-aside to Vicki as a gift and should not be looked at as property Gary brought into this short-term marriage.

 However, our inquiry does not end here for we need determine whether the property division in total was equitable. *See In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa Ct.App.1991). To do so we take into consideration the applicable criteria codified in Iowa Code section 589.21(1)(1999). The marriage was short. Iowa Code § 598.21(1)(a). Both parties brought property to the marriage but Gary brought more. Iowa Code § 598.21(1)(b). Where, as here, there is a wide disparity between the assets of the parties at the time of the marriage the length of the marriage is a major factor in determining the respective rights of the parties at the time of the dissolution. *In re Marriage of Wallace,* 315 N.W.2d 827, 831 (Iowa Ct. App.1981). The claim of either party to the property owned by the other prior to a marriage of this brief duration is minimal at best. *See In re Marriage of Hass,* 538

N.W.2d 889, 893 (Iowa Ct.App.1995); *Wallace,* 315 N.W.2d at 830–831.

There is no evidence either party made sacrifices for or contribution to the marriage. Iowa Code § 598.21(1)(c). The parties are both in good physical health and of an age allowing them to be gainfully employed. Iowa Code § 598.21(1)(d). Neither party made contributions to the increased earning power of the other. Iowa Code § 598.21(1)(e). There is no evidence either party left the job market during the marriage. Iowa Code § 598.21(1)(f).

Gary leaves the marriage with more financial security than does Vicki. *Id.* Vicki has not requested alimony, so that is not an issue, but the fact she leaves the marriage at a financial disadvantage is a factor that weighs in favor of her leaving the marriage with more property than she brought in.

We modify the district court's decision to eliminate the requirement that Gary repay the equity loan of $13,000. He paid it once. Consequently when he took out the second loan he was only recouping the money he had paid. In addition, we order that Vicki pay Gary the sum of $20,000 amortized over ten years with interest at five percent per annum. The amount can be prepaid at any time at Vicki's election and will remain a lien on her real estate until paid. Gary shall remain responsible for Vicki's credit card debt. The result is that Vicki leaves the marriage with a net worth of $50,000 more than when she entered.

We award no appellate attorney fees. The costs on appeal are taxed one half to each party.

**AFFIRMED AS MODIFIED.**