**IN THE COURT OF APPEALS OF IOWA**

No. 15-1762
Filed June 15, 2016

**AZZA EMAM,**
        Plaintiff-Appellee,

**vs.**

**MOHAMED EL NOUR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        The husband appeals from the economic provisions of the decree,

contending the property division was inequitable.  **AFFIRMED.**



        Daniel M. Northfield, Urbandale, for appellant.

        Azza Emam, West Des Moines, appellee pro se.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Mohamed El Nour and Azza Ezam married in 1985 and divorced in 2002. They remarried in 2007 and divorced in 2015. El Nour appeals the economic provisions of the second dissolution decree. On appeal, he contends the division of the parties' property was inequitable because the district court failed to award him any portion of the equity in the home his wife purchased while the parties were not married and failed to award him any portion of his her qualified retirement account.

Our standard of review in appeals from dissolution decrees is de novo. *See In re Marriage of Hazen*, 778 N.W.2d 55, 59 (Iowa Ct. App. 2009). Iowa is an equitable division state. *See id.* On de novo review, in light of all the relevant statutory factors, *see* Iowa Code § 598.21 (2015), we decline to disturb the district court's property division. In this case, Ezam purchased the home while the parties were unmarried, and she alone paid the mortgage, taxes, insurance, and maintenance costs. *See, e.g., In re Marriage of Meyer*, No. 11-0020, 2011 WL 4379240, at *6 (Iowa Ct. App. Sept. 21, 2011) (modifying decree to give party credit for equity in premarital home); *In re Marriage of Barten*, No. 09-1268, 2010 WL 2598333, at *7 (Iowa Ct. App. June 30, 2010) (affirming credit to wife for equity in premarital home). While the value of Ezam's qualified account appreciated during the marriage, the appreciation was largely offset by loans from the account. The net appreciation of the qualified account during the marriage was nominal in light of the parties' other assets, including a residence in Eqypt El Nour valued at $450,000, which the parties were ordered to liquidate and split the proceeds. The division was equitable under the circumstances.

*See Hazen*, 778 N.W.2d at 59 *("*An equitable division does not necessarily mean an equal division of each asset.  Rather, the issue is what is equitable under the circumstances.")*.

We affirm the judgment of the district court.  *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**