# IN THE COURT OF APPEALS OF IOWA

No. 19-0776
Filed August 19, 2020

IN RE THE MARRIAGE OF MISHA LEA CURTIS
AND MARK WADE CURTIS

Upon the Petition of
MISHA LEA CURTIS,
        Petitioner-Appellee,

And Concerning
MARK WADE CURTIS,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Adams County, Michael Jacobsen,

Judge.


        Mark Curtis appeals a district court order modifying a settlement agreement.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**



        Alexander S. Momany of Nidey Erdahl Fisher Pilkington & Meier, PLC,

Cedar Rapids, for appellant.

        Rodney Maharry, Clive, (until withdrawal) and Jami J. Hagemeier of

Hagemeier Law, P.L.C., Des Moines, for appellee.



        Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

The marriage of Mark and Misha Curtis was dissolved in August 2018. On December 3, Mark filed two applications for rule to show cause. On January 3, 2019, Misha likewise filed an application for rule to show cause. A hearing on the applications was held on February 15, at which time the parties advised the court they had reached a settlement. The agreement was read into the record and generally called for various business assets previously awarded to Mark be sold; other personal property items be sold; and the proceeds would be used to pay secured creditors and then Misha to satisfy her equalization payment, back spousal support, and attorney fee award under the dissolution decree. The court orally approved the agreement but did not enter a formal order to that effect.

On April 9, Misha filed a "motion to reopen record and modify order," alleging Mark was violating the settlement agreement in various respects, namely not delivering assets to be sold as he agreed. Mark resisted. Following a hearing, the court entered two orders, the first approving the settlement of the pending applications for rule to show cause and the second granting the motion to reopen the record and modify the settlement agreement. Mark appeals.

The initial settlement agreement between the parties called for assets to be sold and the proceeds to be paid first to secured creditors and the remainder to Misha toward her property settlement, back alimony, and attorney fee award. That was the agreement of the parties. The business assets were subject to claims by three secured creditors, while the rental properties were subject to secured installment contracts as to a fourth creditor. The parties originally agreed all proceeds would be put toward all the secured debts, which the court approved in

its written order resolving the pending contempts. However, in its ruling on the motion to reopen and modify, the court ordered that the proceeds from the sale of the business assets would be put toward Mark's obligations to Misha, and not toward the debt under the installment contracts on the rental properties.

The law is clear that "a court has no authority to rewrite the terms of the settlement agreement based on its perception of the merits of the settlement terms, and cannot modify the terms of the settlement agreement; the court must approve or disapprove of the proposed settlement as a whole." *City of Dubuque v. Iowa Tr.*, 587 N.W.2d 216, 223 (Iowa 1998) (citations omitted). The district court's modification of the terms of the settlement agreement regarding priority of creditors was thus an abuse of discretion.[1] *See id.* As such, we vacate paragraph five of the adjudication provisions of the order on the motion to reopen and modify[2] and remand for any necessary further proceedings as a result of the same. We deny Misha's request for appellate attorney fees. Costs on appeal are to be assessed equally between the parties.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[1] We also note the property-distribution provisions of the dissolution decree are not modifiable. Iowa Code § 598.21(7); *In re Marriage of Hazen*, 778 N.W.2d 55, 59–60 (Iowa Ct. App. 2009).
[2] Mark does not appear to challenge paragraphs one through four of the adjudication provisions of the order. Thus, we do not consider their propriety.