# IN THE COURT OF APPEALS OF IOWA

No. 21-0485
Filed November 3, 2021

IN RE THE MARRIAGE OF MICHELLE DIANE MULLEN
AND PATRICK MICHAEL MULLEN

Upon the Petition of
MICHELLE DIANE MULLEN,
        Petitioner-Appellee,

And Concerning
PATRICK MICHAEL MULLEN,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

        Patrick Mullen appeals the physical care and property division provisions of his dissolution decree. **AFFIRMED.**

        Patrick H. Payton of Patrick H. Payton & Assoc., P.C., Des Moines, for appellant.

        Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des Moines, for appellee.

        Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Patrick Mullen appeals from the decree dissolving his marriage to Michelle Mullen. On appeal, Patrick challenges the property division and the physical care determination granting Michelle physical care of their two children.[1] We affirm.

We review dissolution proceedings de novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Even so, we afford deference to the district court. *See In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007) ("We give weight to the findings of the district court, especially to the extent credibility determinations are involved."). We do so because "the district court is best positioned to evaluate the needs of the parties." *In re Marriage of Dirkx*, No. 18-0422, 2019 WL 3330625, at *2 (Iowa Ct. App. July 24, 2019). While we review only a cold record, the district court has the benefit of observing the parties in person. *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984). So we will affirm unless the district court failed to do equity. *See Boatwright v. Lydolph*, No. 18-0532, 2019 WL 719026, at *1 (Iowa Ct. App. Feb. 20, 2019).

First, Patrick argues the district court should have awarded the parties joint physical care of their two children. In the alternative, he argues the court should have placed physical care with him instead of Michelle. "'Physical care' means the right and responsibility to maintain a home for the minor child and provide for the

---

[1] Patrick also asks us to reconsider the district court's child support and visitation rulings. But Patrick provides no argument or authority to suggest why the district court's child support and visitation determinations were inequitable. *See State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("Moreover, passing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal."). And because we affirm the district court on child custody, we need not recalculate child support. So we leave the visitation and child support provisions of the decree intact.

routine care of the child." Iowa Code § 598.1(7) (2019). In determining which parent should have physical care, the court focuses on the "goals of stability and continuity with an eye toward providing the children with the best environment possible for their continued development and growth." *Hansen*, 733 N.W.2d at 700. "The objective of a physical care determination is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *Id.* at 695. The parent awarded physical care must also "support the other parent's relationship with the child[ren]." *Id.* at 700. "There is no preference for mothers over fathers, or vice versa." *Id.*

Upon the request of either parent, the court may award joint physical care unless such an arrangement is not in the best interests of the children. Iowa Code § 598.41(5)(a). When we consider whether joint physical care is appropriate, we consider (1) stability, continuity of care, and approximation; (2) how well the spouses can communicate and show mutual respect; (3) the degree of conflict between the parents; and (4) the degree to which the parents agree about day to day matters involving the children. *In re Marriage of Hansen*, 886 N.W.2d 868, 874 (Iowa Ct. App. 2016).

There is significant animosity between the parents, which culminated in an instance of domestic abuse where Patrick chased Michelle around the house, pulled her down the stairs by her legs, and struck her twenty to thirty times on her arm.[2] And Patrick has a history of sending confrontational text messages, saying

---

[2] As the district court noted, at trial Patrick did not deny the incident occurred and instead pointed the finger at Michelle for leaving him with scratches. But, like the district court, we find Michelle scratched Patrick in self-defense.

things like "Fuck you," to Michelle while they discuss matters relating to their children. Given this level of conflict between the parents, some of which relates directly to their communication about the children, we conclude shared physical care is not in the children's best interests.

Instead, like the district court, we conclude the children's interests are best served by placing physical care with Michelle. Michelle has served as the primary caregiver over the course of the children's lives. And even while the parents shared physical care under a temporary order, Michelle undertook much of the practical caregiving, like getting the children ready and taking them to daycare or school, even on days when they were in Patrick's care. Placing the children in Michelle's care creates the least disruption in the children's lives. So we affirm the district court's physical care determination.

Next, Patrick challenges the property division. "Iowa is an equitable division state." *In re Marriage of Hazen*, 778 N.W.2d 55, 59 (Iowa Ct. App. 2009). But equitable does not necessarily mean equal. *In re Marriage of Robinson*, 542 N.W.2d 4, 5 (Iowa Ct. App. 1995). And "[w]hile we review the case de novo, 'we accord the trial court considerable latitude in making [the marital-property-distribution] determination and will disturb the ruling only when there has been a failure to do equity.'" *In re Marriage of Matherly*, No. 18-0625, 2019 WL 3334355, at *6 (Iowa Ct. App. July 24, 2019) (second alteration in original) (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005)).

Patrick argues the district court failed to adequately value Michelle's hair salon business. Michelle rents a building and subleases three salon chairs to independent stylists. Each stylist pays Michelle rent each month; this covers the

building rent as well as basic utilities. The salon has few tangible assets because all of the styling equipment is independently owned by the stylists and there is little inventory (hair product) on the shelves at any given time. But the salon does not have good bookkeeping; so it's unclear if the salon has any cash reserves, other assets, or debt.

Ultimately, the district court found the value of Michelle's business was "Michelle's abilities and the earnings that flow from her individual efforts *and no more*." (Emphasis added.) While Patrick insists the "goodwill value" of customer loyalty to the business is substantial, the court found Patrick's proposed valuation of $54,458 was speculative. And the court supported its findings with a detailed analysis of the evidence, including a thorough critique of Patrick's supporting evidence.[3] So the court's findings warrant our deference. *See Hansen*, 733 N.W.2d at 703 ("Although our review is de novo, we ordinarily defer to the trial court when valuations are accompanied by supporting credibility findings or corroborating evidence."). In any event, the district court's valuation of Michelle's business is "within the range of permissible evidence." *See McDermott*, 827 N.W.2d at 679. So we "refuse to disturb" it. *Id.*

Finally, Michelle requests $4000 in appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *Okland*, 699 N.W.2d at 270. "Factors to be considered in determining whether to

---

[3] Patrick submitted expert testimony from a certified public accountant in an attempt to value the business. But Patrick's expert never examined any financial records from the salon, nor did he examine the commercial lease or go inside the salon. For these and other reasons, the district court concluded the expert's valuation was speculative.

award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (citation omitted). Considering these factors, we do not award any appellate attorney fees. However, we assess the costs on appeal to Patrick.

**AFFIRMED**.